

**MARIA ELLENA CHAVEZ-RUARK**
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| In re:<br><br>SATELLITE RESTAURANTS INC. CRABCAKE FACTORY USA,<br><br>    Debtor. | Case Number: 20-19282-MCR<br>(Chapter 11) |
| DEBORAH GASKE, *ET AL.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SATELLITE RESTAURANTS INC. CRABCAKE FACTORY USA,<br><br>    Defendant. | Adversary Number: 21-00012-MCR |

## MEMORANDUM OPINION IN CONNECTION WITH
## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

In a Subchapter V proceeding filed by Satellite Restaurants Inc. Crabcake Factory USA, debtor and debtor-in-possession (the "Defendant"), 19 alleged former employees (as defined below, the "Plaintiffs") filed a complaint seeking a determination that the debts owed to them by the Defendant are non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code

1

because the debts arise from the Defendant's false pretenses, a false representation or actual fraud and under Section 523(a)(6) because the debts arise from a willful and malicious injury by the Defendant.[1] The Defendant filed a motion to dismiss the complaint, arguing that Section 523(a) does not apply because it is a non-individual debtor. The Plaintiffs opposed the motion, arguing that the new Subchapter V discharge provision in Section 1192 expands the application of Section 523(a), and the discharge exceptions therein, to non-individual debtors. Neither the Court nor the parties were able to locate a written decision on point; this case appears to be one of first impression since the enactment of the Small Business Reorganization Act.

For the reasons set forth below, the Court holds that the discharge exceptions in Section 523(a) apply only to individual Subchapter V debtors. Therefore, the Court will grant the motion to dismiss.

I.     BACKGROUND

On August 25, 2018, Plaintiffs Deborah Gaske, Daniel Ames, Jessica Ames, Jacob Becker, Jessica Burke, Tamara Cavanaugh, Christine Cirnigliaro, Ryan Davey, Cindy Dennsteadt, Sam Donato, John Gallagher, Steven Hannon, Peyton Hynla, Brittney Mueller, Demetrisu Shockley, Ashley Smith, Ryan Stoia, Brittany Warfield and Tanya Whitlock (the "Plaintiffs") filed a complaint against the Defendant and others in the United States District Court for the District of Maryland (the "District Court"), asserting claims for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.* (collectively, the "FLSA Claims"). The District Court action is stayed pursuant to Section 362 of the Bankruptcy Code.

---

[1] All references to the "Bankruptcy Code" are to Title 11 of the United States Code, and all references to a "Section" are to a section of the Bankruptcy Code unless otherwise stated.

On October 14, 2020, the Defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Defendant elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. On January 6, 2021, the Debtor filed its Chapter 11, Subchapter V Plan of Reorganization [Dkt. No. 75] (the "Plan"), and on March 4, 2021, the Debtor filed its Modified Chapter 11, Subchapter V Plan of Reorganization [Dkt. No. 135] (the "Modified Plan"). Both the Plan and the Modified Plan seek to invoke the Subchapter V cramdown provision.

On January 11, 2021, the Plaintiffs commenced this adversary proceeding by filing a Complaint Asserting Non-Dischargeability of Certain Debts Pursuant to Sections 523(a)(2)(A), 523(a)(6) of the Bankruptcy Code [Dkt. No. 1] (the "Complaint") against the Defendant, the Plaintiffs' alleged former employer. The Complaint sets forth three causes of action. In Count I, the Plaintiffs allege that the debt owed by the Defendant to the Plaintiffs on account of the FLSA Claims arises from false pretenses, a false representation or actual fraud and seek a determination that the alleged debt is not dischargeable under Section 523(a)(2)(A). In Counts II and III, the Plaintiffs allege that the debt owed by the Defendant to the Plaintiffs on account of the FLSA Claims is for a willful and malicious injury and seek a determination that the alleged debt is not dischargeable under Section 523(a)(6).

On February 16, 2021, the Defendant filed a Motion to Dismiss Complaint Asserting Non-Dischargeability of Certain Debts Pursuant to Sections 523(a)(2)(A), 523(a)(6) of the Bankruptcy Code, or in the Alternative, For Summary Judgment [Dkt. No. 11] (the "Motion to Dismiss").[2] On March 2, 2021, the Plaintiffs filed their Opposition to Motion to Dismiss

---

[2] On the same date, the Defendant filed its Answer to Complaint Asserting Non-Dischargeability of Certain Debts Pursuant to Sections 523(a)(2)(A), 523(a)(6) of the Bankruptcy Code [Dkt. No. 12].

Complaint Asserting Non-Dischargeability Of Certain Debts Pursuant to Sections 523(a)(2)(A), 523(a)(6) of the Bankruptcy Code [Dkt. No. 15] (the "Opposition"), and on March 5, 2021, the Defendant filed its Reply to Opposition to Motion to Dismiss Complaint Asserting Non-Dischargeability of Certain Debts Pursuant to Sections 523(a)(2)(A), 523(a)(6) of the Bankruptcy Code [Dkt. No. 16] (the "Reply").

The Court held a hearing on the Motion to Dismiss, the Opposition and the Reply on March 9, 2021. For the reasons stated herein, the Court will grant the Motion to Dismiss.

II.   STANDARD FOR DISMISSAL OF COMPLAINT

The Defendant filed its Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), and asserts that the Complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Stated another way, a motion to dismiss under Rule 12(b)(6) will be granted if the allegations of the complaint, construed in the light most favorable to the plaintiff, fail as a matter of law to state a claim for which relief can be granted. *F.T.C. v. AmeriDebt, Inc.*, 343 F.Supp.2d 451, 459 (D. Md. 2004) (citing *Carter v. Burch,* 34 F.3d 257, 261 (4th Cir.1994)).

For purposes of considering a motion to dismiss, the court must accept as true all well-pleaded material allegations of the complaint and must liberally construe it as a whole. *Id.* (citing *Edwards v. Johnston County Health Dep't,* 885 F.2d 1215, 1217 n.4 (4th Cir.1989) and *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969)). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *F.T.C. v. AmeriDebt, Inc.*, 343

F.Supp.2d at 459 (citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)).

III.   ANALYSIS

This case appears to be a case of first impression on the applicability of Section 523(a) to a non-individual debtor who elects to proceed under Subchapter V and seeks a discharge under Section 1192. The Court concludes that Section 523(a) does not apply to the Defendant because it is a non-individual debtor. Therefore, the Complaint fails to state a claim upon which relief can be granted and the Court will grant the Defendant's Motion to Dismiss.

    A.   Statutory Construction of Sections 1192 and 523

The analysis must begin with a review of the two relevant statutes – Section 1192 and Section 523.

Section 1192 is the discharge provision for cases in which the debtor elects to proceed under Chapter 11, Subchapter V, and seeks to confirm a plan under the Subchapter V cramdown provision in Section 1191(b).[3] Subchapter V, codified in Sections 1181-1195 of the Bankruptcy Code, was adopted by the Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079 (the "SBRA"), and became effective on February 19, 2020. Because Subchapter V is relatively new, its application has not been well-tested, hence the instant dispute. Section 1192 provides in pertinent part:

---

[3] If a plan is consensual and confirmed under Section 1191(a), the debtor receives a discharge under Section 1141(d). However, if a debtor invokes the Subchapter V cramdown provision to confirm a plan, the debtor receives a discharge under Section 1192. *See* 11 U.S.C. § 1181(c) ("If a plan is confirmed under section 1191(b) of this title [the cramdown provision], section 1141(d) of this title shall not apply, except as provided in section 1192 of this title."). A discharge under Section 1141(d) "does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title." 11 U.S.C. § 1141(d)(2). Section 1192 does not similarly limit its application to individual debtors. The Defendant seeks to invoke the Subchapter V cramdown provision to confirm its Modified Plan and, if successful, will receive a discharge under Section 1192.

5

> If the plan of the debtor is confirmed under section 1191(b) of this title [the cramdown provision for Subchapter V cases], as soon as practicable after completion by the debtor of all [plan] payments …, the court shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in the plan, except any debt … of the kind specified in section 523(a) of this title.

11 U.S.C. § 1192(1).

Section 523(a), which was enacted long before the SBRA, provides in pertinent part: "A discharge under section … 1192 … of this title does not discharge an individual debtor from any debt" defined in the following 19 subparagraphs. 11 U.S.C. § 523(a).

The Plaintiffs focus on the phrase in Section 1192 "debt of the kind specified in section 523(a)" and argue that any debt described in the subparagraphs of Section 523(a) may be non-dischargeable, regardless of whether the debtor is an individual. Plaintiffs assert that, because Section 523(a) specifies various types of debts, any debt listed in Section 523(a) may be excepted from a Section 1192 discharge so long as it falls within the scope of one of the 19 subparagraphs. The Defendant, on the other hand, focuses on the application of Section 523(a) and argues that it did not apply to non-individual debtors before the enactment of the SBRA was enacted and was not expanded to non-individual debtors under the SBRA. The Court and the parties were unable to find any case law on point.

As with any dispute regarding the application or interpretation of a statute, the first rule of statutory construction is to examine the language of the statute itself. As stated by the United States Supreme Court, "[t]he task of resolving the dispute over [the interpretation of a statute] begins where all such inquiries must begin: with the language of the statute itself." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). The Supreme Court has repeatedly reminded us, "when the statute's language is plain, the sole function of the courts—at least where the

6

disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004).

Another rule of statutory construction is that every word must be given meaning so that no word in a statute is rendered superfluous. A court should "give effect, if possible, to every clause and word of a statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883). "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004). *See also Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S.Ct. 1002, 1010 (2017) ("We thus begin and end our inquiry with the text, giving each word its 'ordinary, contemporary, common meaning.'" (quoting *Walters v. Metro. Ed. Enter., Inc.*, 519 U.S. 202, 207 (1997))).

The language of Section 523(a) is clear and unambiguous that it applies only to individual debtors. The plain language of Section 523(a) contradicts the Plaintiffs' interpretation of the statute. Moreover, the reference to Section 1192 added to Section 523(a) by the SBRA must be given meaning, and the only reasonable meaning is that Congress intended to continue to limit application of the Section 523(a) exceptions in a Subchapter V case to individuals. If Congress had not added the Section 1192 discharge to the preamble of Section 523(a), the Plaintiffs may very well have been correct that Section 1192, standing on its own, would have resulted in the discharge exceptions applying to all debtors, individual or non-individual. However, this Court must give meaning to the addition of the reference to Section 1192 in the introductory phrase of Section 523(a). When giving effect to every word of the statute, the plain language of Section 523(a) is unequivocal and confirms that the

7

exceptions to a debtor's discharge, including a discharge under Section 1192, apply only to an individual.

The Court's analysis is further supported by the intent of Congress in enacting Subchapter V which, among other things, was to "streamline the bankruptcy process by which small business debtors reorganize and rehabilitate their financial affairs." 290 H.R. Rep. No. 116-171, at p. 1 (2019), https://www.congress.gov/116/crpt/hrpt171/CRPT-116hrpt171.pdf.

B. Pre-SBRA Application of Section 523(a)

It is well-settled that the pre-SBRA version of Section 523(a) did not apply to non-individual debtors. The United States Court of Appeals for the Eleventh Circuit examined this issue and stated unequivocally, "A corporate debtor is not an individual debtor for the purposes of Section 523." *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834 (11th Cir. 1989) (citing *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985) (concluding that applying Section 523 to a corporate debtor would "render meaningless employment by Congress of the term 'individual'") and *In re Push & Pull Enter., Inc.*, 84 B.R. 546, 548 (N.D. Ind. 1988) ("It is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of U.S.C.A. § 523.")).

The United States Court of Appeals for the Second Circuit also examined the issue and held that "it is well-settled that Section 523 does not apply to corporate debtors." *In re MF Glob. Holdings, Ltd.*, No. 11-15059(MG), 2012 WL 734175, at *3 (Bankr. S.D.N.Y. Mar. 6, 2012) (citing *Adam Glass Serv., Inc. v. Federated Dep't Stores, Inc.,* 173 B.R. 840, 842 (E.D.N.Y. 1994) (finding that Section 523(a) "only applies to individual debtors" and "is not applicable to corporate debtors") and *Savoy Records Inc. v. Trafalgar Associates (In re Trafalgar Associates),* 53 B.R. 693, 696 (Bankr. S.D.N.Y. 1985) (holding that Section 523(a) "on its face applies only to individual debtors")).

Other courts have adopted the same rationale. *See, e.g.*, *Williams v. Sears Holding Co.*, No. 06-PWG-455-M, 2008 WL 11424255, at *4 (N.D. Ala. Mar. 28, 2008) ("The discharge exception of 11 U.S.C. § 523(a)(2)(A) which applies only to an individual debtor, does not apply to Kmart, a corporate debtor."); *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (5th Cir. 1990) ("Moreover, the 'willful and malicious injury' exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate, debtors.").

The Court finds the pre-SBRA law regarding the application of Section 523(a) instructive in addressing the issue presented here.

The Court acknowledges, as argued by the Plaintiffs, that two pre-SBRA cases conclude that the Section 523(a) exceptions may apply to the discharge of a non-individual Chapter 12 debtor. The cases are *Southwest Ga. Farm Credit, ACA v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.)*, No. 08-12038-JDW, Adv. No. 09-1011, 2009 WL 1514671 (Bankr. M.D. Ga. May 29, 2009) and *New Venture P'ship v. JRB Consol. (In re JRB Consol., Inc.),* 188 B.R. 373 (Bankr. W.D. Tex. 1995).

This Court carefully reviewed and considered both cases. Although the Plaintiffs rely heavily on *JRB Consolidated*, they fail to mention that the court made clear that its holding should not be extended to the Chapter 11 context. The court compared the scope of a Chapter 12 discharge to the scope of a Chapter 11 discharge and concluded, "It seems clear from [Section 1141] that corporate debtors in Chapter 11 are not subject to a complaint to determine dischargeability of debt under § 523(a)." *JRB Consol.,* 188 B.R. at 374.

Although the *Breezy Ridge Farms* court did not make the same distinction, *Breezy Ridge Farms* is not controlling precedent on this Court and does not dictate the result here. Section 1192 should be read in the context of Chapter 11 cases, not Chapter 12 cases, and the

9

plain language of Section 523(a) defeats any argument that its exceptions to discharge apply to non-individual debtors.

Notably, at least one other court has considered the *JRB Consolidated* and *Breezy Ridge Farms* cases and declined to extend their holdings to a Chapter 11 discharge. The United States District Court for the Southern District of New York examined both cases when deciding whether Section 523(c) applies to all debtors, not just individual debtors, in relation to the traditional Chapter 11 discharge under Section 1141 of the Bankruptcy Code. *United States v. Hawker Beechcraft, Inc. (In re Hawker Beechcraft, Inc.)*, 515 B.R. 416, 430-31 (S.D.N.Y. 2014). The court concluded that the lack of distinction within Chapter 12 of an individual debtor from a corporate debtor, combined with the narrow type of corporation that may be a debtor in Chapter 12, renders any analogy between the Chapter 12 discharge provisions under Section 1228 and the Chapter 11 discharge provisions under Section 1141 inappropriate. *Id.* The Court agrees with the *Hawker Beechcraft* court's analysis.

    C.    <u>Legislative History of Section 1192</u>

Although the Court need not consult legislative history because the statute is clear and unambiguous, the Court has reviewed the legislative history for Section 1192. Nothing in the legislative history for Section 1192 supports the conclusion that Congress intended to expand the application of Section 523(a) to a non-individual.

The Report of the Judiciary Committee of the House of Representatives states that the new Section 1192 discharge excepts debts on which the last payment is due after the plan and "any debt that is otherwise nondischargeable." 290 H.R. Rep. No. 116-171, at p. 8 (2019), https://www.congress.gov/116/crpt/hrpt171/CRPT-116hrpt171.pdf (the "<u>House Report</u>"). The use of the words "otherwise nondischargeable" logically refers to the existing form of Section 523(a), which by its express language applies only to individual debtors. If the drafters of the

10

SBRA had intended to expand Section 523(a) to non-individual debtors, which would have been a dramatic change in existing Chapter 11 law, the House Report most certainly would have addressed it. Because it does not, the House Report's explanation that the exceptions are for "any debt that is otherwise nondischargeable" confirms Congress' intent to apply existing, pre-SBRA discharge exceptions in Subchapter V cases, not to expand them.

This conclusion is bolstered by the testimony of the Honorable A. Thomas Small, Jr., a retired judge from the United States Bankruptcy Court for the Eastern District of North Carolina, who submitted testimony in support of the SBRA. Judge Small's explanation of the then-proposed Subchapter V discharge provision also made no reference to the expansion of the Section 523 discharge exceptions to non-individual debtors. *See Hearing on Oversight of Bankruptcy Law & Legislative Proposals Before the Subcomm. On Antitrust, Commercial and Admin. Law of the H. Comm. On the Judiciary*, 116th Cong. 2 (Revised Testimony of A. Thomas Small on Behalf of the National Bankruptcy Conference), https://www.fjc.gov/sites/default/files/REVISED_TESTIMONY_OF_A_THOMAS_SMALL.pdf.

The lack of any reference in the House Report and Judge Small's testimony to an expansion of the discharge exceptions to non-individual debtors – which would have been a significant change in existing law – confirms that Congress did not intend such effect.

D.     Interpretation of Section 523(a) by Commentators

The Honorable Paul Bonapfel, a judge in the United States Bankruptcy Court for the Northern District of Georgia, thoroughly analyzes Section 1192 (and many other Subchapter V provisions) in his publication, "A Guide to the Small Business Reorganization Act of 2019." *See* Hon. Paul W. Bonapfel, *Guide to the Small Business Reorganization Act of 2019*, (2020),

https://www.ganb.uscourts.gov/sites/default/files/sbra_guide_pwb.pdf.[4] In the Guide, Judge Bonapfel explains:

> As amended, therefore, § 523(a) states that a discharge under new § 1192 does not discharge an *individual* debtor from the listed types of debts. This amendment would be superfluous if Congress did not intend to limit the § 523(a) exceptions to individuals. Without the amendment to § 523(a), new § 1192 alone would except the types of debts listed from any § 1192 discharge, regardless of whether the debtor is an individual.
>
> In other words, although new § 1192 states discharge rules for all debtors without regard to whether they are individuals or not, its reference to § 523(a) in the case of a non-individual has no operative effect. Section 523(a), as amended, applies only to individuals.

*Id.* at p. 80 (emphasis in original). The Court finds Judge Bonapfel's analysis to be well-reasoned and adopts it.

The Court is aware of four publications in which the commentators concluded that Section 523(a) does apply to non-individual debtors electing to proceed under Subchapter V and seeking a discharge under Section 1192. *See* Hon. William L. Norton Jr. & William L. Norton, III, *Subchapter V Discharge*, 5 Norton Bankr. L. & Prac. § 107:19 (3d ed. 2021); William L. Norton, III and James B. Bailey, *The Pros and Cons of the Small Business Reorganization Act of 2019*, 36 Emory Bankr. Dev. J. 383, 386 (2020); and James B. Bailey and Andrew J. Shaver, *The Small Business Reorganization Act of 2019*, 10 Norton Bankr. L. Adviser (Oct. 2019).. *See also* 8 Collier on Bankruptcy ¶ 1192.03 (2020). The Court finds these publications unpersuasive because they fail to examine the plain language of the statute and instead state unsupported conclusions. The Court notes that three of the four items were either

---

[4] Judge Bonapfel originally issued the Guide in February 2020, and he has updated the Guide several times. This Court reviewed the version that was revised and updated in July 2020 and supplemented in November 2020.

written or published by related sources and simply restate the same conclusion. The Court does not adopt their conclusion.

IV. <u>DEFENDANT'S REQUEST FOR FEES AND COSTS</u>

The Defendant requests that the Court award its legal fees and costs in connection with the adversary proceeding. Because this is a matter of first impression and there is nothing to indicate the Plaintiffs acted in bad faith in filing the Complaint, the request will be denied.

V. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant the Defendant's Motion to Dismiss. The Court will enter a separate order contemporaneously herewith.

cc: Plaintiffs – Deborah Gaske, *et al.*
     Attorney for Plaintiffs – Howard Hoffman
     Defendant – Satellite Restaurants Inc. Crabcake Factory USA
     Attorney for Defendant – Paul Sweeney

**END OF OPINION**